

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT N. GOLDSTEIN, | § | |
| Plaintiff | § § § | No. 3-00CV0022-P |
| v. | § § | |
| P.A. GORDON | § § | |
| Defendant | § | |

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

1. Plaintiff brings this action individually complaining of the defendant, P.A. Gordon, for violation of his rights in trademark secured by The Lanham Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* ("The Act" hereafter), as amended, providing for protection of intellectual property in trademark.

### I. JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1338 and 28 U.S.C. § 1331.

3. Venue lies in this Court pursuant to 29 U.S.C. §1391(d).

### II. PARTIES

4. Plaintiff is a citizen of the United States and is a resident of Dallas County, Texas.

5. Defendant is a citizen of Canada. Defendant may be served pursuant to F.R.C.P. 4(f)(1) and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents at his known residence, 24 Glenhurst Avenue, Toronto, Ontario M6E1E4 CA .

## III. MATERIAL FACTS

6. Plaintiff owns the common law trademark "Cheaters" in relation to a television show plaintiff has developed. On September 13, 1999, plaintiff has filed an application for registration of this mark, PTO Serial Number 75806529. Plaintiff has appeared on television programs "MSNBC" and "Xtra" discussing and promoting his television show. Since approximately December 1997, plaintiff has been in negotiations with numerous media companies regarding the airing of the show.

7. In doing the above, plaintiff has used the trademark "Cheaters" in commerce as contemplated by the Act.

8. The television show "Cheaters" is airing in Germany on station RTL for a 13 episode season starting in March of 2000. Negotiations are underway domestically and worldwide for further distribution of the show.

9. An intergal part of the plaintiff's and Cheaters' marketing and promotion scheme is the website the show has placed on the internet. This site, existing currently under the domain name "cheaterstv.com", exists not merely for "internet presence". Its purpose is to allow people to contact the investigators affiliated with the television program so that their suspicions of amorous infidelity can be investigated.

10. On or about January 2, 1998, defendant registered the domain name "cheaters.com" with Network Solutions, a internet domain name database company. Once a domain name is registered, no other entity may use that domain name.

11. Plaintiff, via email correspondence to defendant, has inquired as to whether defendant would be willing to relinquish the domain name to him for a sum certain. Defendant responded via email, stating "Please make an offer. Only serious offers

will be replied to..." and that he "would consider offers in the thousands" (please see attached email print-outs marked as Exhibits A & B).

### IV. FALSE DESIGNATION ORIGIN AND FALSE DESCRIPTIONS: UNFAIR COMPETITION

12. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

13. The Lanham Act, at § 1125(a), prohibits any person from using in connection with any goods or services in commerce any word or name which is likely to cause confusion as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his goods, services, or commercial activities.

14. Upon information and belief, defendant's ownership and use of the domain name as described above has had the purpose or effect of unreasonably interfering with plaintiff's ownership of his trademark "Cheaters" and poses an unfair business practice.

### V. DAMAGES

15. Plaintiff incorporates by reference as though fully set forth herein the allegations of the previous paragraphs.

16. As a proximate result of defendant's acts as set forth above, plaintiff has suffered untold damages. It is not possible to predict how many business opportunities plaintiff has suffered to forgo due to defendant's unfair business practices.

17. As a result of defendant's unfair business practices, plaintiff suffered actual damages in an amount not less than the minimum jurisdictional limit of this Court.

## VI. JURY DEMAND AND PRAYER

18. Plaintiff hereby demands a trial by jury for all triable issues in this case pursuant to the Act and Amendment VII of the United States Constitution.

WHEREFORE, plaintiff respectfully prays this Court to advance this case on the docket and cause this case in every way to be expedited and upon trial:

(1) Order defendant to make whole plaintiff who has been adversely affected by the acts and practices described herein by providing appropriate relief.

(2) Plaintiff requests that defendant be summoned to appear and answer, and that on final trial plaintiff have and recover of and from this defendant his damages for a sum in excess of the minimum jurisdictional limits of the Court; both prejudgment and postjudgment interest as provided by law; and for such other and further relief, both general and special, at law and in equity, to which plaintiff may be justly entitled.

(3) Retain jurisdiction over this action to assure full compliance with the Orders of the Court and with applicable law and require defendant to file such reports as the Court deems necessary to evaluate compliance.

(4) Grant plaintiff his attorneys fees, costs and disbursements.

(5) Award plaintiff actual, compensatory, and, if the Court sees fit, exemplary damages.

(6) Grant plaintiff a jury trial upon those issues triable by jury.

Respectfully submitted,

FALKIN & O'TOOLE, L.L.P.

_/s/ Mark Falkin_

Mark G. Falkin
Bar No. 00797809
Michael C. O'Toole
Bar No. 24000005
Knox Central Place, Suite 1000
4627 North Central Expressway
Dallas, Texas 75205-4022
Phone (214) 219-1177
Facsimile (214) 528-2434

ATTORNEYS FOR PLAINTIFF
ROBERT N. GOLDSTEIN