

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR - 4 2001
CLERK, U.S. DISTRICT COURT
By _____
Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ROBERT N. GOLDSTEIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:00-CV-0022-P |
| | § | |
| PHILIP ALEXANDER GORDON | § | |
| and WWW.CHEATERS.COM, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT CHEATERS.COM'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO SET ASIDE DEFAULT JUDGMENT FOR LACK OF *IN REM***
**JURISDICTION AND TO DISMISS UNDER FED. R. CIV. P. 12(b)(2) AND (5)**



# TABLE OF CONTENTS

I.   **INTRODUCTION** ..................................................................................... 1

II.  **BACKGROUND** ..................................................................................... 3

III. **ARGUMENT** .......................................................................................... 4

    A.    The Default Judgment Should be set Aside Under FED. R.
        CIV. P. 60(B). ................................................................................. 4

        1.    The Default Judgment is Void for Lack of In Rem
                Jurisdiction and Therefore Should be set Aside. ............................. 5

                a.    Proceeding In Rem is Improper if the Defendant
                      is Subject To Personal Jurisdiction in any
                      Judicial District in the United States. ..................................... 7

                b.    Philip Alexander Gordon is a Resident of the
                      State of California. ................................................................. 8

                c.    Because Gordon is Subject to Personal
                      Jurisdiction in the State of California,
                      Proceeding In Rem was improper. ......................................... 9

        2.    Even if the Court Finds that an In Rem Jurisdiction is
                Possible, In Rem Jurisdiction in the Northern District
                of Texas is not Proper Under 15 U.S.C. §
                1125(d)(2)(A); Therefore, the Default Judgment is
                Void. ..................................................................................... 9

        3.    Because In Rem Jurisdiction is improper in the
                Northern  District of Texas, Plaintiff has not Complied
                with the Service Provision of 15 U.S.C. §
                1125(d)(2)(B). .................................................................... 10

        4.    The Default Judgment Should be set Aside Because of
                Fraud, Misrepresentation, and Other Misconduct by
                the Plaintiff. ....................................................................... 11

                a.    The Plaintiff Misrepresented to the Court that
                      he had Conducted an  Exhaustive and Diligent
                      Search to Locate the Defendant. ......................................... 11

                b.    The Plaintiff Misrepresented the Plain
                      Language of the ACPA in Order to Procure the
                      Default Judgment. ............................................................. 13

B. Because the Court Lacks in Personam or In Rem Jurisdiction Over the Defendants, the Action Should be Dismissed. ........................... 14

    1. The Court Lacks in Rem Jurisdiction over www.cheaters.com. ........................................................................ 14

    2. The Court Lacks In Personam Jursidiction Over Mr. Gordon. ................................................................................... 15

    3. The Default Judgement is Improper and the Action Should be Dismissed Because the Court Lacks Both in Personam and in Rem Jurisdiction. ................................. 16

C. Because Service of Process was Insufficient, This Action Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(5). ...................... 16

    1. Plaintiff Admitted that Philip Gordon was Never Served with Process. ....................................................... 17

    2. Because the Plaintiff did not Comply with 15 U.S.C. § 1125(d)(2)(A), Service of Process as to www.cheaters.com was Improper and the Action Should be Dismissed. ................................................... 17

IV. **CONCLUSION** ........................................................................ 19

# TABLE OF AUTHORITIES

## CASES

*Alitalia-Linee Aeree Italiane S.p.A. v. Casinoalitalia.com*, 128 F.Supp.2d 340, 344 (E.D. Va. 2001) ........................................................................................................... 7, 8

*Applewhite v. Metro Aviation, Inc.*, 875 F.2d 491, 494 (5th Cir. 1989) ......................... 15

*Avery Dennison Corp. v. Sumpton*, 51 USPQ2d 1801, 1802-03 (9th Cir. 1999) .............. 1

*Bludsworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988).......................................................................................................................... 10, 18

*Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998) ..................................................... 5

*Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986), *cert. granted,* 484 U.S. 814 (1987), *rev'd on other grounds,* 487 U.S. 412, 108 S. Ct. 2460, 101 L. Ed. 2d 370 (1988) ............................................................................................................................ 16

*Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999) ................................. 15

*Hanson v. Denckla*, 357 U.S. 235, 246 , 78 S. Ct. 1228, 1238, 2 L. Ed. 2d 1283 (1958)16, 17

*Heathmont A.E. Corp. v. Technodome.Com*, 106 F.Supp.2d 860, 867 (E.D. Va. 2000) .... 8

*KEM Mfg. Corp. v. Wilder*, 817 F.2d 1517, 1520 (11th Cir 1987) ................................... 2

*New York Life Ins. Co., v. Brown*, 84 F.3d 134, 143 (5th Cir. 1996) ............................... 5

*Plataro Ltd. Inc., v. Unidentified Remains of a Vessel*, 508 F.2d 1113, 1115 (5th Cir. 1975)............................................................................................................................... 14

*Recreational Properties v. Southwest Mortg. Service*, 804 F.2d 311, 314 (5th Cir. 1986) ...................................................................................................................................... 11

*Tichenor v. Roman Catholic Church of the Archdiocese of New Orleans*, 32 F.3d 953, 961 (5th Cir. 1994)......................................................................................................... 15

*Wilson v. Belin*, 20 F.3d 644, 649 (5th Cir. 1994).......................................................... 15

## OTHER AUTHORITIES

145 CONG. REC. H10826 (daily ed. Oct. 26, 1999)....................................................... 6, 7

## RULES

15 U.S.C. § 1125(d)(2)(A) ................................................................... 5, 6, 8, 9, 13

15 U.S.C. § 1125(d)(2)(B) ...................................................................... 10, 17

FED. R. CIV. P 60(b) ........................................................................................ 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT N. GOLDSTEIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:00CV0022-P |
| | § | |
| PHILIP ALEXANDER GORDON | § | |
| and WWW.CHEATERS.COM, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT CHEATERS.COM'S MEMORANDUM IN SUPPORT OF ITS MOTION TO SET ASIDE DEFAULT JUDGMENT FOR LACK OF *IN REM* JURISDICTION AND TO DISMISS UNDER FED. R. CIV. P. 12(b)(2) AND (5)

## I.     INTRODUCTION

On June 28, 2000, a default judgment was entered by this Court pursuant to

purported *in rem* jurisdiction over the registered domain name, www.cheaters.com

("cheaters.com"),[1] and an order issued on Plaintiff's Motion for Default Judgment that

---

[1] For a brief discussion of what a domain name is and the purpose it serves, it may be helpful to consider the discourse in *Avery Dennison Corp. v. Sumpton*, 51 USPQ2d 1801, 1802-03 (9th Cir. 1999) (footnotes omitted), where it was explained:

> Two communicative functions of the Internet are relevant to this appeal: the capacity to support web sites and the corollary capacity to support electronic mail ("e-mail"). A web site, which is simply an interactive presentation of data which a user accesses by dialing into the host computer, can be created by any user who reserves an Internet location -- called an Internet protocol address -- and does the necessary programming. Because an Internet protocol address is a string of integer numbers separated by periods, for example, (129.137.84.101), for ease of recall and use a user relies on a "domain-name combination" to reach a given web site. The registrar of Internet domain names, Network Solutions, Inc. ("NSI"), maintains a database of registrations and translates entered domain-name combinations into Internet protocol addresses. When accessing a web site, a user enters the character string (http://www.), followed by the reserved domain name combination. The domain-name combination

---


the domain name should be transferred to the Plaintiff, Robert N. Goldstein. At the time

of the entry of default judgment and order, Defendant Gordon was the registrant and

owner of the domain name "cheaters.com," having paid the fee and duly registered the

domain name with Network Solutions, Inc. ("NSI"), a domain name registrar located in

Herndon, Virginia.

Pursuant to Federal Rule of Civil Procedure 60(b), Philip Alexander

Gordon, in his capacity as registrant of domain name cheaters.com and legal

representative[2] of defendant www.cheaters.com at the time of the entry of the default

judgment, hereby contests the invocation of *in rem* jurisdiction over cheaters.com.

Gordon hereby moves this Court for an order setting aside the default judgment, returning

the domain name cheaters.com to its lawful owner, Philip A. Gordon, and dismissing any

residual action against both himself individually and cheaters.com pursuant to Fed. R.

Civ. P. 12 (b)(2) for lack of personal or *in rem* jurisdiction.

---

must include a top-level domain ("TLD"), which can be (.com), (.net), (.org), (.gov) or (.edu), among others, although some, like (.gov) and (.edu), are reserved for specific purposes. The combination also includes a second-level domain ("SLD"), which can be any word not already reserved in combination with the TLD. Once a domain-name combination is reserved, it cannot be used by anybody else, unless the first registrant voluntarily or otherwise relinqushes its registration. (True and Correct Copy of the Case is attached, App. at 1).

[2] For purposes of Rule 60(b), "the term legal representative was intended to reach only those individuals who were in a position tantamount to that of a party or whose legal rights were sotherwise so intimately bound up with the parties that their rights were directly affected by the final judgment." *KEM Mfg. Corp. v. Wilder*, 817 F.2d 1517, 1520 (11th Cir 1987).

## II.   BACKGROUND

On January 6, 2000, the Plaintiff filed a Complaint against Defendant Gordon but <u>never</u> caused process to be served.  (*See* Plaintiff's Motion for a Finding of No Personal Jurisdiction, App. at 44 (admitting that Defendant Gordon was never served)).  Goldstein later amended the Complaint (March 3, 2000) to add the domain name www.cheaters.com itself as a defendant, alleging that this Court did not have personal jurisdiction over Defendant Gordon,[3] and urging the Court to proceed *in rem* against the domain name itself under 15 U.S.C. § 1125(d)(A), a portion of the Anticybersquatting Consumer Protection Act ("ACPA").

The Plaintiff stated in his First Amended Complaint that an "exhaustive and diligent search" had been conducted to determine Mr. Gordon's whereabouts.  (App. at 28).  The Plaintiff had a valid email address for the Defendant to which messages had been sent and received.  Additionally, Mr. Gordon's California address that was registered with NSI was a valid business address for Mr. Gordon, but Mr. Gordon has never received correspondence from the Plaintiff or his representatives at that address.  (App. at 13).

---

[3] In the Amended Complaint, Plaintiff specifically alleged that "defendant Gordon has no contacts in this forum that would enable him to come under this court's personal jurisdiction."  However, the Amended Complaint purports to complain of the actions of Philip Alexander Gordon "individually" as well as the "defendant property *in rem*, known as the domain name www.cheaters com."  (App. at 27).  Despite the admission that there was no personal jurisdiction over Philip Alexander Gordon, the domain name was not *substituted* as a defendant but *added*, making it unclear at this time if any residual action will remain against Mr. Gordon should the default judgment against the domain name be set aside as requested in this motion.  Therefore, Philip Alexander Gordon is requesting dismissal under Fed. R. Civ. P. 12(b)(2) as to any residual pending action against him individually

---

Despite the Plaintiff's possession of valid contact information, service of process was never performed and an answer was never filed. Instead, the Plaintiff urged this Court to proceed *in rem* under the ACPA.

As a result of the Plaintiff's improper and misleading actions, this Court entered default judgment against www.cheaters.com, and issued an order compelling NSI to transfer the domain name to the Plaintiff. As a result of this Court's judgment and order, NSI transferred ownership of the domain name "cheaters.com" to Robert N. Goldstein. Plaintiff Goldstein is now listed by NSI as the Registrant of "cheaters.com".[4]

## III. ARGUMENT

### A. The Default Judgment Should be set Aside Under Fed. R. Civ. P. 60(b).

Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; . . . (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P 60(b).[5] Under Rule 60(b)(4), courts look toward two factors to determine voidness: 1) whether the court lacks subject matter or personal jurisdiction; and 2) if the

---

[4] The Registrant is listed as Bobby Goldstein. The attached newspaper article references a Bobby Goldstein as the creator of the TV show Cheaters. (App. at 55-66 ). The same newspaper article references that Bobby Goldstein was convicted of fraud in 1988. That court case, *State v. Robert N. Goldstein*, 803 S.W.2d 777, lists the defendant as Robert N. Goldstein. (App. at 67). Therefore, we believe that the listed registrant Bobby Goldstein is the same person as Robert N. Goldstein.

[5] The Defendant is well within the one year time limit for challenging a judgment based upon fraud or misrepresentation. There is no time limit in the Rules barring the challenge of a judgment as void.

---

court acted in a manner inconsistent with due process.[6] *Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998), *citing New York Life Ins. Co., v. Brown*, 84 F.3d 134, 143 (5th Cir. 1996). There is no time limit for challenging a judgment for voidness. *Carter*, 136 F.3d at 1006.

### 1. The Default Judgment is Void for Lack of *In Rem* Jurisdiction and Therefore Should be set Aside.

The ACPA provides:

> The owner of a mark may file <u>an in rem civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located</u> if --
>
> > (i) the domain name violates any right of the owner of a mark registered in the Patent and Trademark Office, or protected under subsection (a) or (c); and
> >
> > (ii) the court finds that the owner --
> >
> > > (I) is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action under paragraph (1); or
> > >
> > > (II) through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph (1) by --
> > >
> > > > (aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and
> > > >
> > > > (bb) publishing notice of the action as the court may direct promptly after filing the action.

---

[6] It should be noted that while a presentation of a meritorious defense is typically required to set aside a default judgment, no such showing is necessary in cases where the defendant has not been properly served. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 85-87, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). To require a showing of a meritorious defense is such cases is a violation of the defendant's due process rights under the U.S. Constitution. *Id*

---

15 U.S.C. § 1125(d)(2)(A).

The *in rem* provision was added to the ACPA to address two situations,

neither of which are applicable here. The first situation is one where the owner cannot

locate the defendant because he has given false contact information to the domain name

registrar:

> [A] significant problem faced by trademark owners in the fight
> against cybersquatting is the fact that many cybersquatters register domain
> names under aliases or otherwise provide false information in their
> registration applications in order to avoid identification and service of
> process by the mark owner. The act alleviates this difficulty, while
> protecting the notions of fair play and substantial justice, by enabling a
> mark owner to seek an injunction against the infringing property in those
> cases where a mark owner is unable to proceed against the domain name
> registrant <u>because the registrant has provided false contact information or is
> otherwise not to be found</u>, provided that mark owner can show that the
> domain name itself violates substantive Federal trademark law (i.e., that the
> domain name violates the rights of the registrant of a mark registered in the
> Patent and Trademark Office, or section 43 (a) or (c) of the Trademark
> Act).

145 CONG. REC. H10826 (daily ed. Oct. 26, 1999) (statement of Rep. Coble) (emphasis

added). This language is clearly directed to the portion of the Act that allows for a

plaintiff to proceed *in rem* if, after exercising due diligence, he is unable to locate the

defendant. At the very least, to exercise due diligence a plaintiff must attempt to serve

the defendant at both the address and email address the defendant registered with NSI.

(*See* 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa)). Mr. Gordon's name, address, and email

address that were provided to NSI were valid and provided true contact information.

(App. at 13). The Plaintiff never exercised due diligence because he never attempted to

serve Mr. Gordon at the address or email address provided to NSI.

---

The second situation addressed by Congress is the situation where an owner cannot obtain personal jurisdiction over the defendant anywhere in the United States.

> Second, such in rem jurisdiction is also appropriate in instances where personal jurisdiction cannot be established over the domain name registrant. This situation occurs when a non-U.S. resident cybersquats on a domain name that infringes upon a U.S. trademark.

145 CONG. REC. H10826. Thus, proceeding *in rem* would be proper in the second situation, if the defendant was not subject to personal jurisdiction anywhere in the United States.

As is clearly set forth below, neither situation is present in this case. Thus, it was inappropriate to proceed *in rem*.

    a.    PROCEEDING *IN REM* IS IMPROPER IF THE DEFENDANT IS SUBJECT TO PERSONAL JURISDICTION IN ANY JUDICIAL DISTRICT IN THE UNITED STATES.

The ACPA provides two avenues for an alleged trademark owner to pursue an alleged defendant. "A mark owner may proceed either *in personam* against an infringer or, in certain circumstances where this cannot be done, the owner may proceed *in rem* against the domain name; a mark owner may not proceed against both at the same time."[7] *Alitalia-Linee Aeree Italiane S.p.A. v. Casinoalitalia.com*, 128 F.Supp.2d 340, 344 (E.D. Va. 2001).

The Act provides that in order to proceed *in rem*, the court must find that the owner:

---

[7] Defendant does not admit that the Plaintiff is the owner of a mark under the Lanham Act or the common law.

---

(I)    is not able to obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under paragraph (1); or

(II)    through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph (1) by --

    (aa)    sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and

    (bb)    publishing notice of the action as the court may direct promptly after filing the action.

15 U.S.C. § 1125(d)(2)(A)(ii). Courts have held that clause (I) requires the plaintiff to show that he is unable to obtain personal jurisdiction over the defendant <u>anywhere</u> in the United States.

> [I]f the owner determines that the putative infringer resides, does business, or is otherwise present in any judicial district in the United States, then the inquiry is ended, and the owner, in these circumstances, must proceed *in personam* against the infringer and is precluded by the ACPA from proceeding *in rem* against the offending domain name.

*Alitalia-Linee Aeree Italiane S.p.A. v. Casinoalitalia.com*, 128 F.Supp.2d 340, 346; *See also Heathmont A.E. Corp. v. Technodome.Com*, 106 F.Supp.2d 860, 867 (E.D. Va. 2000).

    b.    <u>PHILIP ALEXANDER GORDON IS A RESIDENT OF THE STATE OF CALIFORNIA.</u>

Philip Gordon is a resident and citizen of the United States and the State of California and operates a business from that state. (App. at 12). The address that was registered by Gordon with NSI, namely 333 Washington Blvd., #355, Marina del Rey, California 90292, is a valid, working address that Mr. Gordon has maintained since at

least August of 1999. (App. at 13). Moreover, Mr. Gordon freely admits that he is subject to personal jurisdiction in California.

c.     <u>BECAUSE GORDON IS SUBJECT TO PERSONAL JURISDICTION IN THE STATE OF CALIFORNIA, PROCEEDING *IN REM* WAS IMPROPER.</u>

As set forth above, in order to proceed *in rem* under the ACPA, the alleged owner of a mark must be unable to obtain *in personam* jurisdiction over the defendant in <u>any</u> judicial district in the United States. Because Philip Gordon is subject to *in personam* jurisdiction in a judicial district within the United States, the Act precludes proceeding *in rem*. Therefore, because proceeding *in rem* is precluded by the Act, the default judgment that was the result of the exercise of *in rem* jurisdiction is void and should be set aside.

**2.     Even if the Court Finds that an *In Rem* Jurisdiction is Possible, *In Rem* Jurisdiction in the Northern District of Texas is not Proper Under 15 U.S.C. § 1125(d)(2)(A); Therefore, the Default Judgment is Void.**

The Northern District of Texas is not the proper judicial district for an *in rem* proceeding under the ACPA; therefore, the default judgment is void *ab initio*.

Under the ACPA, an *in rem* civil action <u>must be filed in the judicial district the domain name registrar is located</u>. The ACPA provides, in pertinent part:

The owner of a mark may file an in rem civil action against a domain name <u>in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located</u> if --

---

15 U.S.C. § 1125(d)(2)(A) (emphasis added). NSI is the domain name registrar of the

domain name www.cheaters.com. (*See* Registrar Certificate, App. at 39). NSI is located

in Herndon, Virginia.[8] (App. at 39). Therefore, in order to proceed *in rem* under this

statute, this action must have been filed in Virginia, the location of the domain name

registrar.

> **3.    Because *In Rem* Jurisdiction is improper in the Northern District of Texas, Plaintiff has not Complied with the Service Provision of 15 U.S.C. § 1125(d)(2)(B).**

Section 1125(d)(2)(B) sets forth that "actions under subparagraph (A)(ii)

shall constitute service of process." 15 U.S.C. § 1125(d)(2)(B).  Before those actions can

constitute service, a plaintiff must comply with § 1125(d)(A).  As set forth above, to

proceed *in rem*, a plaintiff must file the action in the judicial district in which the domain

name registar is located.

The domain name registrar is located in Virginia.  This action was filed in

the Northern District of Texas.  For an *in rem* proceeding to be proper under the Act

(even if the other requirements for *in rem* jurisdiction had been met), the Plaintiff must

have filed the action in Virginia.  Because the action was improperly filed under Section

1125(d)(2)(A), service of process under Section 1125(d)(2)(B) was also improper.

"When . . . a district court lacks jurisdiction over the defendant because of

lack of service of process, the judgment is void and, under Rule 60(b)(4), the district

---

[8] Plaintiff knew and admitted this fact. (Plaintiff's First Amended Complaint, App. at 27).

court *must* set it aside. . . ." *Bludsworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988), *citing Recreational Properties v. Southwest Mortg. Service*, 804 F.2d 311, 314 (5th Cir. 1986) (emphasis in original). Because service of process was improper, the Court lacks jurisdiction over www.cheaters.com; therefore, the default judgment is void and should be set aside.

## 4.     The Default Judgment Should be set Aside Because of Fraud, Misrepresentation, and Other Misconduct by the Plaintiff.

Federal Rule of Civil Procedure 60(b)(3) provides that a judgment can be set aside for fraud or misrepresentations by an adverse party. The Plaintiff made several material misrepresentations to the Court in order to procure a default judgment.

### a.     THE PLAINTIFF MISREPRESENTED TO THE COURT THAT HE HAD CONDUCTED AN EXHAUSTIVE AND DILIGENT SEARCH TO LOCATE THE DEFENDANT.

The Plaintiff advocated to the Court that he had made an "exhaustive and diligent search of [Defendant's] whereabouts" but that "defendant Gordon's whereabouts [were] unknown." (App. at 28). It is difficult to understand how an exhaustive and diligent search was unable to locate Defendant Gordon considering the Plaintiff had a valid business address for Mr. Gordon, as well as a valid email address that the Plaintiff had used before. (App. at 13).

Subsequent to filing the initial Complaint, Plaintiff contacted Defendant Gordon by email, stating that he had filed a Complaint in the United States District Court for the Northern District of Texas against Gordon, and that unless Gordon sold Plaintiff

the domain name "cheaters.com" for $2,000, Plaintiff would serve Mr. Gordon with process. Mr. Gordon responded rejecting the offer and awaited service of process. (App. at 13). It never occurred to Mr. Gordon that the Plaintiff was unable to locate him because he had contacted him by email and the address that was registered with NSI was and is a valid business address.

Contrary to Plaintiff's allegations that Mr. Gordon was a citizen of Canada residing at 24 Glenhurst Avenue, Toronto, Ontario, at all times relevant to this dispute, Mr. Gordon was (and is) a resident of Marina del Rey, California. Moreover, the Marina del Rey address provided to NSI by Mr. Gordon was (and is) a working business address, an address at which Mr. Gordon routinely receives correspondence. (App. at 13). It is the same address that David M. Graves of NSI averred was the address of the Registrant in the NSI records (*See* Registrar Certificate, App. at 39). Although Plaintiff averred that he had "us[ed] the services of a private bonded investigator" to locate Mr. Gordon, he did not disclose whether he revealed to the investigator the address in Marina del Rey, California.[9] (App. at 45).

Even if one were to ignore the registered contact information and assume that Mr. Gordon resided in Canada as Plaintiff erroneously alleges, there is no evidence that anything was ever sent to the Canadian address. The Canadian address that is listed in the Court's file is the address of the Defendant's ex-wife. Defendant has never

---

[9] Plaintiff's Motion For a Finding of No Personal Jurisdiction Over Defendant Philip Alexander Gordon, App. at 47.

received notice that service from the Plaintiff was attempted at that address, nor is there any proof that the Plaintiff attempted to serve the Defendant at that location.

The Plaintiff knew how to reach Mr. Gordon by email and knew that the NSI records gave a Marina del Rey address, yet the Plaintiff represented to the Court that Mr. Gordon was a non-resident alien who could not be located despite a diligent and exhaustive search. Mr. Gordon was never asked to verify his address and nothing was ever sent to the California address registered with NSI. The allegation that Mr. Gordon was not subject to *in personam* jurisdiction in any district was either known to Plaintiff to be false, or was made without reasonable investigation.[10]

b.     THE PLAINTIFF MISREPRESENTED THE PLAIN LANGUAGE OF THE ACPA IN ORDER TO PROCURE THE DEFAULT JUDGMENT.

The ACPA clearly and specifically requires that, assuming all other requirements for the invocation of *in rem* jurisdiction are met, an *in rem* action against a domain name must be brought in the judicial district in which the registrar is located.

> The owner of a mark may file an *in rem* civil action against a domain name ***in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located.***

15 U.S.C. § 1125(d)(2)(A) (emphasis added).

---

[10] It should be noted that Plaintiff chose to proceed under section (I) of 15 U.S.C. § 1125(d)(2)(A)(ii) rather than section (II). While a party is not required to satisfy both sections I and II, Plaintiff would not have been able to satisfy section II which requires that notice be sent to <u>both</u> the address provided by the registrar of the domain name and to the email address contact provided by the registrar. If Plaintiff had done either of these things, Defendant Gordon would have been contacted.

---

Since the registrar of the domain name in question is NSI, and NSI is located in Herndon, Virginia, the Northern District of Texas could not have properly invoked *in rem* jurisdiction under the ACPA.[11] It strains credibility to argue that Plaintiff and his counsel could have misconstrued the plain language of the statute to advocate that the Northern District of Texas could properly invoke *in rem* jurisdiction over a domain name registered by a registrar located in Herndon, Virginia. Because of this misrepresentation, the Court proceeded *in rem* against cheaters.com and entered the default judgment. Because the default judgment was entered as a result of misrepresentations of law and fact made by the Plaintiff, the default judgment should be set aside pursuant to Fed. R. Civ. P. 60(b)(3).

**B. Because the Court Lacks *in Personam* or *In Rem* Jurisdiction Over the Defendants, the Action Should be Dismissed.**

Federal Rule of Civil Procedure 12(b)(2) sets forth that a party may raise as a defense to an action that the court lacks jursidiction over the person. Additionally, a motion may be brought challenging a court's *in rem* jurisdiction. *See Platoro Ltd. Inc., v. Unidentified Remains of a Vessel*, 508 F.2d 1113, 1115 (5th Cir. 1975).

**1. The Court Lacks *in Rem* Jurisdiction over www.cheaters.com.**

As set forth above, the ACPA precludes proceeding *in rem* if the plaintiff can obtain personal jurisdiction over the defendant in any judicial district in the United

---

[11] The Plaintiff was aware that NSI is located in Virginia at the time of filing his Complaint. Plaintiff's First Amended Complaint and Jury Demand, App. at 27.

States.  Mr. Gordon is subject to personal jurisdiction in California.  Thus, an *in rem* proceeding is precluded by the ACPA.

Additionally, even if an *in rem* proceeding was not precluded by the ACPA, the Northern District of Texas is the wrong locality.  The ACPA clearly states that an *in rem* proceeding must be brought in the district in which the domain name registrar is located.  As the Plaintiff has admitted, the domain name registrar is located in Virginia.  So an *in rem* proceeding should have been filed there.

Therefore, under either argument, the Court lacks *in rem* jurisdiction over www.cheaters.com.

### 2.   The Court Lacks *In Personam* Jursidiction Over Mr. Gordon.

As the Court found on May 30, 2000, the Defendant has no ties with the State of Texas sufficient to warrant personal jurisdiction.  In fact, the Plaintiff admitted to such in his Motion for a Finding of No Personal Jurisdiction filed May 19, 2000.

> The very reason plaintiff amended his complaint to include the domain name "www.cheaters.com" as a defendant is because plaintiff believes this court does not have jurisdiction over Gordon's person.  This is because there exists no relationship between this judicial forum and the defendant Gordon.  There are no necessary minimum contacts between Gordon and this court.

(Plaintiff's Motion for a Finding of No Personal Jurisdiction).  The Plaintiff bears the burden of proving that the Court has personal jurisdiction over the Defendant.  *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999), *citing Wilson v. Belin*, 20 F.3d 644, 649 (5th Cir. 1994); *Tichenor v. Roman Catholic Church of the Archdiocese*

*of New Orleans*, 32 F.3d 953, 961 (5th Cir. 1994) (burden resides with plaintiff);

*Applewhite v. Metro Aviation, Inc.*, 875 F.2d 491, 494 (5th Cir. 1989) (plaintiff bears

burden of proving personal jurisdiction). Given that the Plaintiff has already admitted

that the Court does not have personal jurisdiction over Mr. Gordon, it would be

incongruous for the Plaintiff to argue otherwise at this point. Moreover, the law of the

case doctrine procludes the Plaintiff from arguing that the Court has personal jurisdiction

over Gordon.

As the Court has already held, it lacks personal jurisdiction over Mr.

Gordon. Because the Court lacks personal jurisidiction, the Defendant moves, pursuant

to Rule 12(b)(2) of the Federal Rules of Civil Procedure, that any residual action against

Philip Gordon be dismissed for lack of personal jurisdiction.

> **3.   The Default Judgement is Improper and the Action Should be
> Dismissed Because the Court Lacks Both *in Personam* and *in
> Rem* Jurisdiction.**

As set forth above, the Court lacks both *in personam* and *in rem* jurisdiction

over the Defendants Philip Alexander Gordon and www.cheaters.com. For a court to

enter a judgment, it must have *in personam* or *in rem* jurisdiction. *Hanson v. Denckla*,

357 U.S. 235, 246 , 78 S. Ct. 1228, 1238, 2 L. Ed. 2d 1283 (1958) (citing Restatement

(First) of Judgments §§ 5-9). As both are lacking in this case, this action should be

dismissed.

> **C.   Because Service of Process was Insufficient, This Action Should be
> Dismissed Pursuant to Fed. R. Civ. P. 12(b)(5).**

---

Federal Rule of Civil Procedure 12(b)(5) sets forth that a party may raise as a defense to an action that service of process was insufficient. *See Chilicky v. Schweiker,* 796 F.2d 1131, 1136 (9th Cir. 1986), *cert. granted,* 484 U.S. 814 (1987), *rev'd on other grounds,* 487 U.S. 412, 108 S. Ct. 2460, 101 L. Ed. 2d 370 (1988).

### 1. Plaintiff Admitted that Philip Gordon was Never Served with Process.

As discussed above, the Plaintiff admitted in his Motion for a Finding of No Personal Jurisdiction that process was never served upon Philip Gordon. (App. at 44). Because Mr. Gordon was never served with process the Court lacks personal jurisdiction as to Mr. Gordon and the action should be dismissed. *See Hanson v. Denckla,* 357 U.S. at 246 , 78 S. Ct. at 1238.

### 2. Because the Plaintiff did not Comply with 15 U.S.C. § 1125(d)(2)(A), Service of Process as to www.cheaters.com was Improper and the Action Should be Dismissed.

As discussed above, Section 1125(d)(2)(B) sets forth that "actions under subparagraph (A)(ii) shall constitute service of process." 15 U.S.C. § 1125(d)(2)(B). Before those actions can constitute service, a plaintiff must comply with § 1125(d)(A). As set forth above, to proceed *in rem*, a plaintiff must file the action in the judicial district in which the domain name registar is located.

The domain name registrar is located in Virginia. This action was filed in the Northern District of Texas. For an *in rem* proceeding to be proper under the Act (even if the other requirements for *in rem* jurisdiction had been met), the Plaintiff must have filed the action in Virginia. Because the action was improperly filed under Section 1125(d)(2)(A), service of process under Section 1125(d)(2)(B) was also improper.

Moreover, Service of Process under Section 1125(d)(2)(B) could never be proper while the case is pending in the Northern District of Texas because the ACPA requires that if an *in rem* proceeding in this case were possible, it be brought in Virginia.

Because service of process was improper, the Court lacks jurisdiction over www.cheaters.com. *See Bludsworth Bond Shipyard*, 841 F.2d at 649. Because the court lacks jurisdiction over www.cheaters.com, the action must be dismissed.

## IV.   <u>CONCLUSION</u>

The Defendant Philip Gordon is not subject to personal jurisdiction in the State of Texas as the Court has already held; however, the Defendant is subject to personal jurisdiction in California. Because the Defendant is subject to personal jurisdiction in a judicial district within the United States, proceeding *in rem* was precluded by the ACPA. Therefore, because the Court lacks personal and *in rem* jurisdiction, the default judgment should be set aside as void.

In the alternative, if the Court holds that *in rem* jurisdiction against the domain name was proper, the default judgement should still be set aside as void because an *in rem* proceeding pursuant to the ACPA <u>must</u> be filed in the judicial district where the domain name registrar is located. In this case, the domain name registrar is located in Virginia; therefore, any *in rem* proceeding must have been brought in a judicial district within the State of Virginia. Because proceeding *in rem* was improper, the default judgment should be set aside as void.

Additionally, because an *in rem* proceeding is precluded by the ACPA in the Northern District of Texas, and because the Court lacks personal jurisdiction over Mr. Gordon, the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

Therefore, the Defendants hereby move this Court for an order:

1)    setting aside the default judgement pursuant to Federal Rule of Civil Procedure 60(b);

---

2)       ordering NSI to reverse the acts taken as a result of the default

judgment and return the domain name, www.cheaters.com, to the Defendant; and

3)       dismissing the action for lack of personal jurisdiction or jurisdiction

*in rem* pursuant to Federal Rule of Civil Procedure 12(b)(2) and (5).

Respectfully submitted,

An Attorney for Philip Gordon
and WWW.CHEATERS.COM

Attorneys for Philip A. Gordon
and WWW.CHEATERS.COM

Eugenia S. Hansen
Texas Bar No. 08929720

John A. Dondrea
Texas Bar No. 05973800

William Chad Shear
Texas Bar No. 24013493

Sidley & Austin
717 N. Harwood Ave. Suite 3400
Dallas, TX 75201
Telephone (214) 981-3300
Facsimile  (214) 981-3400

---

## CERTIFICATE OF SERVICE

I hereby certify that on this _4th_ day of April, 2001, I caused a copy of the

foregoing DEFENDANT CHEATERS.COM'S MEMORANDUM IN SUPPORT OF ITS

MOTION TO SET ASIDE DEFAULT JUDGMENT FOR LACK OF *IN REM* JURISDICTION

AND TO DISMISS UNDER FED. R. CIV. P. 12(b)(2) AND (5) to be delivered via Federal

Express to:

Mark G. Falkin
Knox Central Place, Suite 1000
4627 North Central Expressway
Dallas, Texas 75205-4022

Attorney for Plaintiff Robert N. Goldstein.

Robert N. Goldstein
4516 Lovers Lane, # 104
Dallas, TX 75225

An Attorney for Philip A. Gordon and
WWW.CHEATERS.COM

Attorneys for Philip A. Gordon
and WWW.CHEATERS.COM

Eugenia S. Hansen
Texas Bar No. 08929720

John A. Dondrea
Texas Bar No. 05973800

William Chad Shear
Texas Bar No. 24013493

Sidley & Austin
717 N. Harwood Ave. Suite 3400
Dallas, TX 75201
Telephone (214) 981-3300
Facsimile (214) 981-3400