**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NORTHERN DISTRICT OF TEXAS
FILED
APR - 4 2002
CLERK, U.S. DISTRICT COURT
By _____

| | | |
|---|---|---|
| ROBERT N. GOLDSTEIN, | § | |
| | § | |
| Plaintiff | § | |
| v. | § | No. 3:00CV0022-P |
| | § | |
| PHILLIP ALEXANDER GORDON, | § | |
| WWW.CHEATERS.COM, | § | |
| | § | |
| Defendants | § | |

### PLAINTIFF'S RESPOSNE TO DEFENDANT'S FEE PETITION

Pursuant to the Court's Order of February 27, 2002, plaintiff responds to Defendant's Fee Petition as follows:

By its Memorandum and Order rendered by the court in this case, the discrete action the court finds sanctionable is limited to the plaintiff's filing of a "Consent Motion." The court ruled that there was no misrepresentation of the law by plaintiff[1]. Thus, any sanction should be directed towards the filing of the "Consent Motion" and only this action.

The imposition of sanctions by a court are discretionary, not mandatory. The purpose of Rule 11 sanctions is to deter certain conduct, not to compensate for it. Thus, monetary sanctions may be paid into the court as a penalty rather than awarded to the opposing party. Fee awards to the opposing party should be ordered only under unusual circumstances when other sanctions would not deter similar conduct in the future. Committee Notes on Amendments to the Federal Rules of Civil Procedure, 146 FRD 401,

---

[1] On page 16 of the Court's Memorandum and Order, the court states, just before concluding that plaintiff's reading of the law was tortured, "However, although Plaintiff's interpretation of the law was "a stretch," it does not necessarily follow that Plaintiff misrepresented the law to the Court. At the time the briefing was filed, and even today, the law in this area is not well-settled, and these issues had not, and still have not, been addressed or resolved by the Fifth Circuit."

PLAINTIFF'S RESPONSE TO DEFENDANT'S FEE PETITION- Page 1



587, 588 (1993); FRCP 11(c)(2). If a Rule 11 violation exists, the court is authorized to impose an *appropriate* sanction. Such sanction must be limited to what will be sufficient to deter repetition of similar conduct by others similarly situated. FRCP 11(c)(2). The person who signed or otherwise presented the paper, this "Consent Motion," to the court was plaintiff's counsel. Thus, if any sanction appropriate to deter future conduct should be levied, it should not be levied against counsel's client. As discussed below, almost $38,000.00 is not an appropriate sanction under these circumstances.

Rule 11 exists is to deter conduct, not fee-shift. A Rule 11 sanction shall be limited to what is sufficient to deter the conduct and shall be the *minimum* that will serve to adequately deter the undesirable behavior. *Doering v. Union County*, 857 F.2d 191, 194 (3rd Cir. 1988) (emphasis added). Counsel, the one who presented the paper to the court, if sanctions must be levied at all, will accept censure in lieu of payment of money to the court or to the defendant. Counsel, in having to face and defend this motion for sanctions, is already deterred enough from ever making any arguments before a court that are at all "a stretch," as the court states, whether that be filing a document with the court that has misleading wording contained in it or making an argument that does not fall squarely and obviously within the law, whether that law be unsettled law, as is the case here, or well-settled. Counsel is forever chilled from future creative advocacy. Censure or further admonition by the court will drive that lesson home further. Monetary sanctions of this amount will just force counsel out of practice. In that instance, the lesson learned by counsel would thus be quite moot because he will no longer be practicing law.

The "punishment should fit the crime" in the case of sanctions. Defendant claims nearly $38,000.00 in fees and costs in his Petition. By the clear wording of its order, the

court finds only the "Consent Motion" sanctionable. General principals of fairness and equity suggest that this amount of money to be paid by plaintiff, especially since plaintiff's counsel will ultimately be the one having to pay it, is not at all a fitting punishment for the filing of this particular paper with the court.

There exists a general policy of restraint in awarding sanctions. Because sanctions tend to chill advocacy (and counsel is already forever chilled), sanctions are reserved for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988) The filing of this "Consent Motion," as argued in plaintiff's brief was neither frivolous, legally unreasonable, or brought for improper purpose. "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution. Such sanctions have an unintended detrimental impact on an attorney's career and personal well-being." *Conn v. CSO Borjorquez*, 967 F.2d 1418, 1421 (9th Cir. 1992); also please see *Kirschner v. Zoning Board of Appeals*, 159 FRD 391, 395 (ED NY 1995). This case has already caused counsel to discontinue practicing in the area of litigation. Pragmatically, counsel will ultimately be the one saddled with the sanctions. The financial impact of the sanctions order upon counsel, should the court accept the defendant's Petition for Fees, is simple: it will put this young solo practitioner out of business. Obviously, this will have, (and the very specter of such *already does* have), a very detrimental impact on counsel's financial, familial, and mental well-being.

The sanctioned party's ability to pay is a critical issue for the court in levying sanctions. The court must make some inquiry concerning the attorney's or party's ability

to pay a monetary sanction. The court must be careful not to impose a monetary sanction so high that it is punitive- "*or that might even drive the sanctioned attorney out of practice.*" *Doering v. Union County, supra*, 857 F.2d at 196 (emphasis added). Upon insistence by the court, plaintiff's counsel will provide his financial records for the court's review. Counsel has absolutely no doubt that upon review of counsels finances, the court will conclude that counsel has no way of reasonably paying a monetary sanction and that such a sanction is overly punitive.

Counsel essentially throws himself upon the mercy of the court. Counsel has never been sanctioned before, by any court. Counsel realizes now the mistake made and how the court can perceive the "Consent Motion" to be a misrepresentation, but does not feel such should be sanctionable, at least not in the amount of $38,000.

On these grounds, in balancing the equities of this case, plaintiff asks that the Defendant's Fee Petition be denied.

Respectfully submitted,

/s/ Mark G. Falkin
_____
Mark G. Falkin
Bar No. 00797809
Knox Central Place, Suite 2000
4627 North Central Expressway
Dallas, Texas 75205-4022
Phone (214) 219-1177
Facsimile (214) 528-2434

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

   This is to certify that a true and correct copy of the foregoing document has been served upon counsel for defendant on the 4th day of April, 2002, as follows:

Eugenia S. Hansen
Sidley & Austin
717 N. Harwood Ave., Suite 3400
Dallas, Texas 75201
Fax (214) 981-3400

            /s/ Mark Falkin
            Mark G. Falkin