ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT N. GOLDSTEIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:00-CV-0022-P |
| PHILIP ALEXANDER GORDON and | § | |
| WWW.CHEATERS.COM, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT PHILIP ALEXANDER GORDON'S REPLY TO
PLAINTIFF'S RESPONSE TO DEFENDANT'S FEE PETITION**

In this court's order of February 27, 2002, Defendant Phillip Alexander Gordon [hereinafter "Gordon"] was awarded attorney fees incurred in preparation of its motion to set aside a default judgment and motion for fees under Rule 11. On March 15, 2002, Gordon presented a fee petition. On April 4, 2002, Plaintiff Robert N. Goldstein [hereinafter "Goldstein"] responded. In that response, Goldstein's counsel argued that the imposition of sanctions in the amount incurred by Gordon would be overly punitive to Goldstein's counsel, and counsel appealed to the mercy of the court. Goldstein did not contest the reasonableness of any item claimed by Gordon, nor present any evidence that the fees were not reasonable. Gordon hereby replies to Goldstein's response.

Goldstein first argues that the imposition of sanctions under Rule 11 is discretionary, not mandatory, and should not be in the nature of an award to the opposing party. Gordon responds that the court already decided that fees incurred by Gordon in presenting the two motions should be awarded, and the only issue remaining is the amount. Since Gordon requested only the amount actually incurred in presenting the motions, and excluded from the request other fees

36

incurred in connection with his quest to retrieve ownership of his domain name wrongfully taken from him through Goldstein's misuse of the court system, the amount requested certainly is not in the nature of an "award" but a reimbursement for at least some of the fees Gordon was forced to incur in this matter.

Goldstein next argues that it was Goldstein's counsel that signed the Consent Motion in the proceeding that falsely represented that all parties had agreed to transfer the domain name to the jurisdiction of this court. Goldstein's counsel therefore urges that his client should not be subject to sanctions, and that he, as counsel, has already been "forever chilled from future creative advocacy."

In reply, Gordon can only say that any sympathy factor weighed in the court's analysis should be toward Gordon, not Goldstein nor his counsel. It was Gordon who was wrongfully deprived of his domain name which he intended to utilize for a business he planned to develop. It was Goldstein that misused the judicial system to obtain the transfer of the domain name from Gordon. It was Goldstein that forced Gordon to hire counsel to move that the judgement (that permitted this transfer to occur) be set aside, thus causing Gordon to incur the attorney fees requested. And it was Goldstein and his counsel that contested the motion to set aside, despite the wrongful conduct they engaged in, thus causing the attorney fees incurred by Gordon to escalate.

As for whether Goldstein or his client should be responsible for the attorney fees, the court did not restrict liability to Goldstein's counsel. (Order of February 27, 2002, "Plaintiff is hereby ordered to reimburse all attorney fees and costs incurred by Defendant in connection with filing the motion to set aside the default and motion for sanctions.") Goldstein's counsel signed the papers that resulted in misrepresentations to this court, and the court relied on those

misrepresentations when it granted the default judgment to Goldstein. However, Goldstein hired Mr. Falkin as his attorney, and no evidence has been presented which should compel Goldstein to escape liability. In addition, as pointed out in Gordon's motions, Goldstein himself is a law school graduate, practiced as an attorney in this district, and therefore should not be held blameless for the conduct of this case by Mr. Falkin. Further, Goldstein must have been aware that Gordon resided in California, because, *inter alia*, of the NSI documents. (*See* App. 13 and 39 to Motion to Set Aside the Default).

Rule 11, by its terms, allows sanctions to be imposed on both the party and the party's attorney, and it is only violations of subdivision (b)(2) (frivolous contentions of law) that may not be imposed on a represented *party*. *See* Advisory Committee Notes to Rule 11 Amendments of 1993. The award here was not based upon subdivision (b) (2), but the conduct of misleading the court by filing the false consent motion and representing to the court that Gordon could not be found in any judicial district. The Advisory Committee notes clarify that it is proper to hold the party responsible for the conduct:

> If the duty imposed by the rule is violated, the court should have the discretion to impose sanctions on either the attorney, the party the signing attorney represents, or both...and the new rule so provides.

Fed. R. Civ. P. 11, Advisory Committee Notes (1983 Amendment)

> The sanction should be imposed on the persons- whether attorneys, law firms, *or parties*-who have violated the rule or who may be determined to be responsible for the violation.

Fed. R. Civ. P. 11, Advisory Committee Notes (1993 Amendment) (emphasis added)

The remaining arguments in Goldstein's response are addressed to whether the amount incurred by Gordon is an appropriate sanction for the conduct engaged in by Goldstein's attorney. Gordon's response is that, by definition, the amount actually incurred by him is an

3

appropriate sanction, because he would not have had to incur such fees but for Goldstein's conduct. Further, Gordon's motion to set aside and the motion for Rule 11 fees have been separately itemized in the fee petition. Goldstein's decision to contest the first motion led to Gordon's filing of the second motion in an attempt to recover his fees. Further, Gordon excluded from his petition other attorney fees incurred in this matter that were not directly related to preparation of the two motions, since the court only awarded fees for the motions. Gordon has suffered financially from this proceeding, and award of the amount requested in the fee petition at issue will not fully make Gordon whole. Reducing the amount would be in the nature of a penalty to Gordon.

Therefore, Gordon requests that the court award the full amount of fees and costs requested in his fee petition from Goldstein and his attorney. A proposed Order and Judgement has been provided with the fee petition for the court's convenience.

Respectfully submitted,

_____
Eugenia S. Hansen
Texas State Bar No. 08929720
John A. Dondrea
Texas State Bar No. 05973800
SIDLEY AUSTIN BROWN & WOOD, LLP
717 North Harwood, Suite 3400
Dallas, Texas 75201
214/981-3300

Attorneys for Philip Alexander Gordon
and WWW.CHEATERS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on this __18th__ day of April, 2002, I caused a copy of the foregoing **DEFENDANT PHILIP ALEXANDER GORDON'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S FEE PETITION** was caused to be served upon the Plaintiff by postage, prepaid, first class United States mail.

        Mark G. Falkin
        Knox Central Place, Suite 1000
        4627 North Central Expressway
        Dallas, Texas   75205-4022
        *Attorney for Plaintiff Robert N. Goldstein*