



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

ROBERT N. GOLDSTEIN, §
§
    Plaintiff, §
§
v. §    CIVIL ACTION NO.
§    3:00-CV-0022-P
PHILIP ALEXANDER GORDON §
and WWW.CHEATERS.COM, §
§
    Defendants. §

## ORDER

Now before the Court is Defendant Philip Alexander Gordon's ("Defendant") Fee Petition with Supporting Affidavits Pursuant to the Court's Order of February 27, 2002.[1] After reviewing the Parties' briefing, the Court finds it must clarify some issues that were raised therein.

First, Plaintiff appears to be confused with respect to the precise conduct the Court is sanctioning. Plaintiff contends he should not be sanctioned because he has been deterred from "ever making any arguments before a court that are at all 'a stretch' . . . whether that be filing a document with the court that has misleading wording contained in it or making an argument that does not fall squarely and obviously within the law, whether that law be unsettled law . . . Counsel is forever chilled from future creative advocacy." (Pl.'s Resp. at 2.) However, Plaintiff fails to state that he has been deterred from engaging in the sanctionable conduct - filing a fraudulent motion.

---

[1] Plaintiff filed his response brief on April 4, 2002 and Defendant filed his reply brief on April 19, 2002.

Contrary to Plaintiff's argument, the Court is *not* sanctioning Plaintiff for misrepresenting the law or making creative legal arguments (see Order at 15-16), but rather is sanctioning Plaintiff for (1) filing a false consent motion (see Order at 14) and (2) representing to the Court that he could not locate Defendant Gordon (see Order at 15 n.9.).  Plaintiff also mischaracterizes the Court's Order when he argues that "the court finds *only* the 'Consent Motion' sanctionable."  (Pl.'s Mot. at 3 (emphasis added).)  What the Court found sanctionable was Plaintiff "manipulat[ing] the judicial system" (in part, through use of the Consent Motion) to gain "control over the domain name without having the fully litigate the merits of this case." (Order at 16.)

Plaintiff also attempts to convince the Court that the sanction amount, if any, should be limited to Plaintiff's "filing of a 'Consent Motion.'" (Pl.'s Resp. at 1.)  However, the Court clearly stated in its February 27, 2002 ruling that "Plaintiff is hereby ordered to reimburse all attorneys' fees and costs incurred by Defendants *in connection with filing the motion to set aside the default judgment and the motion for sanctions*." (Order at 16 (emphasis added).)  The sanction imposed by the Order is clear - Plaintiff must reimburse Defendant's costs and attorneys' fees incurred in connection with filing the two motions.  This is a reasonable and appropriate sanction in light of the conduct engaged in by Plaintiff.

Plaintiff now asks the Court spare him from sanctions because the amount is too costly. In light of Plaintiff's counsel's financial situation, Plaintiff is hereby instructed to pay $5,000.00 at the law offices of Defendant's counsel, Sidley Austin Brown & Wood L.L.P., 717 N. Harwood, Suite 3400, Dallas, Texas 75201 within thirty (30) days of the date of this Order.

So ORDERED, this _3rd_ day of July, 2002.

_Jorge A. Solis_
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

**ORDER**
**00-CV-0066**                                                       **PAGE 3**