

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT N. GOLDSTEIN, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. 3:00CV0022-P |
| | § | |
| PHILLIP A. GORDON, | § | |
| WWW.CHEATERS.COM, | § | |
| | § | |
| Defendants | § | |

## DEFENDANT GORDON'S MOTION FOR RECONSIDERATION
## OF COURT ORDER DATED JULY 3, 2002

Defendant, Philip A. Gordon, respectfully requests this Court to (1) award the total amount incurred by Defendant in presenting his motion to set aside the default judgement and the motion for attorney fees under Rule 11 and (2) issue an Order holding Plaintiff Goldstein jointly and severally liable with his counsel for the sanctions awarded by this Court.

On July 3, 2002, this Court issued an order rejecting Plaintiff Goldstein's opposition to Gordon's fee petition and reiterating that the Court was sanctioning **Plaintiff** for (1) filing a false consent motion and (2) representing to the Court that he could not locate Defendant Gordon. Order of July 3, 2002 at 2. The Court further emphasized that "The sanction imposed by the Order is clear- Plaintiff must reimburse Defendant's costs and attorneys' fees incurred in connection with filing the two motions. This is a reasonable and appropriate sanction in light of the conduct engaged in by Plaintiff." *Id.*

However, in "light of Plaintiff's counsels financial situation," the Court instructed Plaintiff's counsel to pay only $5,000.00 out of the $15,511.23 incurred by Defendant for the filing of the motion to set aside the default judgement and the $20,946.25 incurred by Defendant in connection with the Rule 11 motion. *See id.* Defendant Gordon has suffered a tremendous

financial impact because of Plaintiff's conduct. Gordon's domain name, cheaters.com, was transferred to Plaintiff because of the default judgment. The default judgment was only obtained because of Plaintiff's sanctioned conduct. Even if Plaintiff's counsel pays the $5,000.00, Defendant will stand out of pocket more than $30,000.00[1] which is nearly $16,000.00 more than he would have incurred if he never had filed the Rule 11 motion at all.

Further, Defendant respectfully requests the Court to consider that while Defendant Gordon's fee petition is supported by copies of invoices for fees and costs incurred by Defendant, there is no evidence supporting Plaintiff's counsel's statement that he is in a dire financial situation. Plaintiff's counsel never disputed the reasonableness of the fees requested by Defendant, so it is submitted that Defendant's evidence is uncontroverted and should be given due weight in light of the Court's decision as to the appropriate sanction in this case. In addition, Plaintiff's counsel's conduct in opposing the motions at issue, despite his wrongful conduct in obtaining the default judgement, resulted in an escalation of the attorney fees and costs incurred by Defendant.

Finally, even if the Court believes that Plaintiff's counsel's sanction should be limited to $5,000.00 in light of counsel's professed financial situation, Defendant respectfully submits that Plaintiff be held jointly and severally liable with Plaintiff's counsel for Defendant's fees and costs. The Court did not make clear until the July 3, 2002 order that only Plaintiff's *counsel* was sanctioned. In its memorandum order of February 27, 2001, the Court stated:

> By filing this fraudulent motion and convincing the Court that the Parties had consented to relinquish control and authority of the domain name to the Court, Plaintiff was able to obtain a default judgment and possession and use of the domain name without serving or notifying either defendant. This conduct is sanctionable. Therefore, Defendant's Motion for Sanctions is

---

[1] Gordon has also incurred additional legal fees and expenses not connected specifically with the motions, and thus not recoverable.

2

> hereby GRANTED and *Plaintiff* is hereby ordered to reimburse all attorneys' fees and costs incurred by Defendant in connection with filing the motion to set aside the default judgement and the motion for sanction.

Mem. Op. and Order of 2/27/02 at 16. (emphasis added).

Defendant believed that the Court had ordered Plaintiff to reimburse Defendant, not just Plaintiff's counsel. This is consistent with Rule 11, especially when as in this case the basis for the sanctions is not an argument for the interpretation of extension of law, but a misrepresentation of fact that is known to the party and not just to his counsel. The Federal Circuit addressed this point in the case of *Judin v. United States*, 110 F.3d 780, 785 (Fed. Cir. 1997) (emphasis added):

> Rule 11 requires the court to impose "an appropriate sanction" for a pleading filed in violation of the rule, "upon the person who signed it, a represented party, or both..... In imposing Rule 11 sanctions, a court may allocate sanctions between an attorney and client according to their relative fault. *Borowski v. DePuy*, 850 F.2d 297, 305 (7th Cir. 1988). Attorneys are usually held solely responsible for Rule 11 sanctions when the filing violating Rule 11 is unwarranted by existing law, or a good faith argument for extension, modification, or reversal of existing law. *Id.* ***However, an attorney and client may be held jointly and severally liable for filings that are not well grounded in fact.*** *Allen v. Utley*, 129 F.R.D. 1, 9 (D D.C. 1990).

*See also Ted Lapidus S.A. v. Vann*, 112 F.3d 91 (2d Cir.) (Rule 11 sanctions may be imposed on both counsel and client), *cert. denied*, 522 U.S. 932 (1997); *Business Guides Inc. v. Chromatic Communications Enterprises Inc.*, 892 F.2d 802 (9th Cir. 1989) (it may be appropriate under the circumstances of the case to impose a sanction on the client, and that this interpretation is consistent with practice under Rule 37, which allows sanctions for abuses during discovery to be imposed upon the party, the attorney, or both), *aff'd*, 498 U.S. 533 (1991); *Thorton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir.) (normally imposed sanctions on the party, leaving the party and

3

lawyer to settle accounts but would impose on counsel where bad legal advice rendered), *cert. denied*, 479 U.S. 851 (1986).

The Fifth Circuit has recognized the district courts' broad discretion in fashioning an appropriate sanction and that the sanction imposed should be the "least severe sanction" adequate to deter future violations of Rule 11. *See Merriman v. Security Ins. Co.*, 100 F.3d 1187, 1194 (5th Cir. 1996). However, "least severe sanction" does not preclude imposing sanctions on a party. Indeed, *Dr Pepper Bottling Co. of Texas v. Del Monte Corp.*, 25 USPQ2d 1217, 1221-22 (N.D TX. 1992) (App. 1-12), *later proceeding*, 26 USPQ 2d 1141 (1993) (App. 13-19) this district, applying the "least severe sanction" standard determined that Dr. Pepper, *as a party*, was responsible for submission of erroneous affidavits: "[T]he court holds that Dr Pepper violated Rule 11 and is subject to being sanctioned as a party. In determining the least severe sanction, the court begins with the purpose for imposing sanctions. In this case the court concludes the purpose of the sanction is two-fold: first, to compensate Del Monte for incurring litigation costs directly caused by the misrepresentations; and second, to deter Dr. Pepper from similar conduct in the future."

It is undisputed that Plaintiff Goldstein had personally been in direct contact with Defendant Gordon by email. Goldstein therefore must have personally known of Defendant Gordon's ownership of the cheaters.com domain name, and how to contact him, as well as how to access the current records of Network Solutions where Gordon's address was kept.[2] In addition, party Goldstein is himself a Baylor Law School graduate and once a practicing assistant district attorney. *See Robert Nathan Goldstein v. State*, 803 S.W.2d 777, 792 (Tex. App. -

---

[2] See Gordon address records dated November 7, 1999 in Appendix to Defendant's Reply to Plaintiff's response to Motion to Set Aside Default Judgment at App. 18-22.

Dallas, *writ ref'd* 1991)[3]. Nonetheless, Goldstein proceeded with his business ventures[4], coveted the domain name cheaters.com from Gordon[5], and after failing to interest Gordon in transferring the domain name[6], employed the judicial process to obtain ownership of the domain name. In this case, the party, trained in the law and the judicial system, either knew or should have known of the facts and the positions taken by his counsel misrepresenting those facts to this Court  Even after the Order of February 27, 2002 was entered ordering **Plaintiff** to reimburse Defendant Gordon, Goldstein himself never denied knowledge and understanding of what his counsel was filing.

As in the *Dr. Pepper* case, deterrence of the party from misuse of the judicial system should be taken into account, and award of attorney fees is an appropriate sanction to deter this conduct in the future.

---

[3] Reproduced in Defendant's Appendix to Motion to Set Aside Default Judgment (App. 67-85) at 80.
[4] *Id.* at App. 55-65.
[5] *Id.* at App.21.
[6] See App. 2 to Appendix to Plaintiff's Response to Motion to Set Aside Default Judgment.

Therefore, Defendant Gordon respectfully requests this Court enter an order and judgment holding Plaintiff Robert Goldstein and Plaintiff's counsel Mark Falkin jointly and severally liable for the full amount of Defendant's attorney fees and costs incurred in connection with the filing of the action to set aside the default and Rule 11 motion.

Respectfully submitted,

_____
Eugenia S. Hansen
Texas Bar No. 08929720
John A. Dondrea
Texas Bar No. 05973800
SIDLEY AUSTIN BROWN & WOOD LLP
717 N. Harwood Ave. Suite 3400
Dallas, TX 75201
Telephone (214) 981-3300
Facsimile (214) 981-3400

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF CONFERENCE

I, Eugenia S. Hansen, one of the attorneys for Defendant Philip A. Gordon, hereby certify that on July 15, 2002, I attempted to confer by telephone with Mark Falkin, attorney for Plaintiff Robert N. Goldstein, with regard to the foregoing Motion for Reconsideration of Court's Order of July 3, 2002. Mr. Falkin was not available and I left a voice mail message regarding the filing of this Motion. It is presumed that Mr. Falkin will oppose.

_____
Eugenia S. Hansen

## CERTIFICATE OF SERVICE

I hereby certify that on this \_\_15th\_\_ day of July 2002, I caused a copy of the foregoing **DEFENDANT GORDON'S MOTION FOR RECONSIDERATION OF COURT'S ORDER OF JULY 3, 2002** with **APPENDIX** to be delivered via Federal Express to:

      Mark G. Falkin
      2604 W. 49 ½ Street
      Austin, Texas  78731
           *Attorney for Plaintiff Robert N. Goldstein.*

_____